STATE OF NEW JERSEY, PHILIP REEVES, A POLICE OFFI-
CER OF THE TOWN OF BLOOMFIELD (PROSECUTOR),
DEFENDANT IN CERTIORARI, v. CHRISTOPHER
MOWEL (DEFENDANT), PROSECUTOR IN CERTIO-
RARI.

Submitted January 26, 1935—Decided April 9, 1935.

Before Brogan, Chief Justice, and Justices Parker and Bodine.

For the defendant in *certiorari, William A. Wachenfeld,* prosecutor of the Pleas (*C. William Caruso,* legal assistant).

For the prosecutor in *certiorari, Sam Weiss.*

Brogan, Chief Justice. The writ of *certiorari* in this case was allowed to review the conviction of the prosecutor for violation of a provision of the Motor Vehicle act. The prosecutor was convicted as a second offender against the provisions of the statute (*Pamph. L.* 1931, *ch.* 171, § 14, *subdiv.* 3, an amendment of the original act, *Pamph. L.* 1921, *ch.* 208), in that he operated an automobile while under the influence of intoxicating liquor. He was convicted of the present charge in the Recorder's Court of the town of Bloomfield in Essex county, and on appeal to the Common Pleas Court of that county where, under the statute, a trial *de novo* was had, the conviction was affirmed.

The record before us indicates that previously, on January 9th, 1931, he had been convicted of a like offense in the Police Court of Orange, New Jersey.

The prosecutor files two reasons for reversal, the first being that the warrant following the conviction in the Recorder's Court of Bloomfield was not issued in the name of the police officer who made the arrest, as complainant. We find no merit in this contention. The Motor Vehicle act of 1921 (*supra*) by section 30, page 680, provides that all proceedings for the violation of the provisions of this act shall be entitled and shall run in the name of the state with the

commissioner of motor vehicles or a motor vehicle inspector, or a police officer or a constable, or such other persons as shall, by complaint, institute the proceedings, as prosecutor. In this case the proceeding by which the prosecution was initiated, *i. e.*, the complaint in which the charge was stated, was entitled in the name of the State of New Jersey and the name of the arresting officer was stated, as the prosecutor. The section above mentioned does not mean, much less necessitate, that the warrant must contain the name of the police officer who intends to prove the violation. A reading of the statute in its entirety as to this particular makes that manifest. Turning to the twenty-fifth section of the statute (*supra*—at *p.* 677), we find authority for a magistrate or recorder or police judge, within thirty days after the commission of the offense, to issue a summons or warrant directed to *any* constable, police officer, &c., for the appearance or arrest of the person so charged. The first reason for reversal therefore fails.

The second point relied upon for a reversal of the conviction is that the Common Pleas Court received in evidence a certified copy of the prosecutor's prior conviction of a like violation of the act in the Police Court in Orange. The certificate thus received in evidence is a recital under the hand and seal of the commissioner of motor vehicles that the license of the prosecutor was revoked on January 9th, 1931, following a conviction for driving while intoxicated, &c. Attached to said certificate was the report of the magistrate who had heard the case in the Police Court of Orange, New Jersey, showing that the prosecutor was adjudged guilty of violation of the statute (section 14, subsection 3) on January 9th, 1931; that he was fined $200 and his license revoked for two years. Furthermore, subdivision 2 of article 4 of the statute (*supra*) provides that any such record from the office of the commissioner of motor vehicles when authenticated, as this exhibit was, "shall be evidence equally with and in like manner as the original." The exhibit therefore was properly received in evidence.

The prosecutor did not take the stand. No testimony in his behalf was offered in the trial before the Common Pleas

Court. We notice, too, that there is included in the return to the writ the record of conviction of the prosecutor in the Recorder's Court of Bloomfield, which is in nowise challenged, and that it contains the recital that "the said Christopher Mowel, defendant, pleaded guilty to having been in fact convicted of a previous violation of the aforesaid subdivision, section and act, to wit, on January 9th, 1931, at Orange, New Jersey."

We find no merit in the reasons for reversal, and the judgment of conviction is affirmed, with costs.